Anthony M. Papa Chief Executive Officer State Liquor Authority
You informed us that you were appointed on June 29, 1983 to the position of Chief Executive Officer of the State Liquor Authority in the Division of Alcoholic Beverage Control of the Executive Department. For the past 16 years you have been employed by the New York City Board of Higher Education to teach classes as a member of the evening faculty of the New York City Technical College. You ask whether in your current position as Chief Executive Officer of the Authority, you may continue to teach two evenings each week at the College.
You informed us in a telephone conversation that your teaching duties do not in any way relate to the functions and duties of the State Liquor Authority, where you serve as the Chief Executive Officer. Additionally, you stated that the Authority does not exercise any regulatory jurisdiction over the College. Section 73 of the Public Officers Law prohibits certain activities by present or former officers and employees of State agencies and section 74 of such law establishes a code of ethics applicable to these officers and employees. We have found no provisions of section 73 which prohibit the continuation of your teaching activities, while serving as the Chief Executive Officer of the Authority. Under the code of ethics:
 "No officer or employee of a state agency, member of the legislature or legislative employee should have any interest, financial or otherwise, direct or indirect, or engage in any business or transaction or professional activity or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his duties in the public interest. [§ 74(2)]
* * *
 "An officer or employee of a state agency, member of the legislature or legislative employee should endeavor to pursue a course of conduct which will not raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust." (§ 74[3][h].)
Under these provisions, a State officer or employee must avoid private interests in conflict with his public duties and must also avoid conduct which creates an appearance of impropriety. Since your teaching duties do not in any way relate to your public duties and since the State Liquor Authority has no regulatory jurisdiction over your employer, we see no potential for a violation of the above ethics provisions.
We note that the Governor's Executive Order No. 3, issued January 18, 1983, established a Board of Public Disclosure in the Department of State. Under this Order:
 "The head of every State department, division or agency who is appointed or nominated by the Governor; their deputies and assistants, and, as determined by the appropriate department, division or agency head in consultation with the Board, the officers and employees in such departments, divisions or agencies who hold policy-making positions; senior officers and employees in the Executive Department who hold policy-making positions and are appointed by the Governor; and every member of the governing body of any State board, commission, council, authority, public benefit corporation, or similar entity, serving at the pleasure of the Governor, who receives compensation from the State,"
are required, upon filing their oaths of office and annually thereafter, to file with the Board a financial disclosure statement. Each such annual report is required to include a statement confirming that the individual reporting has complied with the provisions of section 74 of the Public Officers Law. No covered person may engage in any other activities which interferes or is in conflict with the proper and effective discharge of such person's official duties.
Under the Order, no covered person may hold any other public office or public employment for which more than nominal compensation, direct or indirect, is received without, in each case, first advising the Board in an application prescribed by the Board. The Board is required to promulgate guidelines as to what constitutes nominal compensation and is required to promulgate rules governing the procedure by which applications will be considered. The Executive Order requires that the Board make a determination in each case and advise the applicant whether the proposed activity violates the intent of the Order or conflicts with the proper and effective discharge of the official duties of the applicant. In reaching its determination, the Board must consider the provisions of sections 73 and 74 of the Public Officers Law. The determination by the Board in each case is private and advisory only. Financial disclosure statements are to be reviewed by the Board to assure adequate compliance with the Executive Order.
You have informed us that upon being employed in your current position with the Authority, you disclosed your employment with the New York City Board of Higher Education.
You should, of course, determine whether there are any rules established by your public employer which have any bearing on this matter.
We conclude that the part-time employment of the Chief Executive Officer of the State Liquor Authority as a teacher at the New York City Technical College does not violate sections 73 and 74 of the Public Officers Law. This part-time employment is also under the jurisdiction of the Board of Public Disclosure.